OPINION
Appellant Simon-Duplex, Inc. appeals a summary judgment of the Tuscarawas County Common Pleas Court awarding appellee Kidron, Inc. damages in the amount of $73,350.10 and damages for breach of contract:]
 ASSIGNMENTS OF ERROR FIRST ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED TO THE PREJUDICE OF DUPLEX BY GRANTING SUMMARY JUDGMENT IN FAVOR OF KIDRON.
 SECOND ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED TO THE PREJUDICE OF DUPLEX BY DENYING DUPLEX'S MOTION FOR SUMMARY JUDGMENT.
Appellee manufactures insulated truck bodies and trailers, specialty cabs, and operator compartments. Beginning in 1994, and continuing through 1997, the parties entered into blanket purchase orders each year, providing that appellant would purchase a specific number of truck cabs per month from appellee. The purchase order specified an approximate range of the numbers of cabs which would be required each month. The blanket purchase orders were entered into by Tom Dannemiller on behalf of appellee, and Charlie Ensminger on behalf of appellant. The first purchase order was issued on April 8, 1994. This order specifically referred to an attached quotation. The quotation, No. 8558, was a letter from Dannemiller to Ensminger dated October 1, 1993. The quotation set out the terms of the blanket purchase order. The quotation stated that appellant would be responsible for costs associated with any minimum purchase of material in the event of cancellation, re-scheduling of orders, and/or reduction of quantities. Based on these blanket purchase orders, appellee would make certain minimum purchases from its suppliers, so it would be in a position to manufacture and provide the cabs to appellant pursuant to appellant's delivery schedule. The purchase of materials was necessary to accommodate the longer lead times associated with acquiring the materials, in order to allow appellee to fabricate the truck bodies for timely delivery. The blanket purchase order which is the subject of the instant action is dated February 24, 1997. Quotation No. 8558, which was expressly made a part of the original purchase agreement in 1994, is not referred to in this purchase order. The February 24, 1997, purchase order states that appellant would require approximately seven to twelve cabs per month through the end of 1997. On August 6, 1997, appellee received a letter from appellant which indicated appellant's business would be closed by the end of 1997. As a result of the closure, appellant canceled existing orders it had already placed with appellee. At that point in time, appellee had parts purchased from third-parties, as well as parts fabricated by appellee, in its inventory, which had been purchased or fabricated pursuant to the February 24, 1997 purchase order. The value of such parts totaled $91,712.46. Appellee filed the instant action seeking damages for breach of contract. Appellee specifically alleged that appellant breached the agreement between the parties, that appellant would be responsible for the costs associated with appellant's purchase of materials in order to comply with the blanket purchase order. Both parties moved for summary judgment. In support of its motion for summary judgment, appellee submitted affidavits of both Tom Dannemiller and Charlie Ensminger. Each affidavit stated that the parties agreed that appellee would purchase the materials appellee needed to have in stock to manufacture the cabs that appellant required, which were described in the blanket purchase orders; or would purchase the minimum quantities of materials required by appellee's suppliers, which were necessary for appellee to manufacture the cabs as required by appellant. Appellant agreed that the purchases of such materials would be without risk to appellee: in the event appellee suffered a loss or incurred any expense associated with the purchase of these materials by reason of cancellation, re-scheduling, or reduction of order quantities by appellant, appellant would be responsible for all such losses. The court entered summary judgment in favor of appellee, awarding damages in the amount of $73,350.10.
 I
Appellant argues that the court erred in entering summary judgment in favor of appellee for breach of contract. Summary judgment is appropriate if there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56 (C). The appellate court stands in the shoes of the trial court, reviewing summary judgment on the same standard and the same evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for the motion, and identifying the portion of the record which supports his or her claim. Vahila v. Hall (1997),77 Ohio St.3d 421, 430. Once this initial burden is discharged, the burden shifts to the non-moving party, requiring the non-moving party to set forth specific facts showing that there is a genuine issue for trial. Id. at 429. If the non-movant does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. Id. We first address the question of whether the parol evidence rule required the exclusion of evidence concerning the oral agreement between Dannemiller and Ensminger, requiring appellant to pay for any materials purchased by appellee in reliance on the blanket purchase order. R.C. 1302.05 sets out the parol evidence rule which is applicable to contracts for the sale of goods: Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented: (A) by course dealing or usage of trade as provided in section 1301.11 of the Revised Code or by a course of performance as provided in Section 1302.11 of the Revised Code; and (B) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.
When a court must address the issue of contradicting, explaining, or supplementing a written agreement, one of the first determinations to be made under R.C. 1302.05 is whether the writing is a complete and exclusive statement of the terms of the agreement between the parties. Carmago Cadillac Company v. Garfield Enterprises, Inc. (1982), 3 Ohio App.3d 435, 437. This determination is made by the court, outside the hearing of the trier of fact, not solely by examining the four corners of the document, but also on the basis of whatever evidence is presented by the parties concerning their intentions. Id. at 437-438. If the court concludes that the writing was intended to be a complete and exclusive statement of the terms of the agreement, and therefore is totally integrated, then the writing cannot be contradicted or supplemented, except by course of dealing, usage of trade or course of performance. Id. at 438. If the court concludes that the writing was intended by the parties to be a final expression of agreement with respect to some but not all the terms of their agreement, then the terms of the writing cannot be contradicted, but can be explained or supplemented by course of dealing, usage of trade, or course of performance, and pursuant to R.C. 1302.05
(B), by evidence of consistent additional terms. Id. at 438-39. The blanket purchase order in question includes the following integration clause on the back of the purchase order: This Purchase Order, with such documents as are expressly incorporated herein by reference, is intended by the parties as a final expression of their agreement with respect to such terms as are included herein, and is intended also as a complete and exclusive statement of the terms of this agreement. No course of prior dealings between the parties and no usage of the trade shall be relevant to determine the meaning of this agreement.
From the court's entry of summary judgment, it is apparent the court concluded that in spite of the integration clause, the document was not intended to be integrated regarding all terms of the agreement between the parties. The evidence before the court was undisputed that Dannemiller and Ensminger agreed that in the event appellant canceled orders or reduced quantities of orders, and appellee had purchased materials in reliance on the quantity stated in the blanket purchase order, appellant would be responsible for paying appellee for such material. Appellant presented no evidence in opposition to the motion for summary judgment, or in support of its own motion for summary judgment, to contradict this evidence. There is no evidence in the record, other than the agreement itself, that the parties intended the blanket purchase order to be the entire expression of their agreement as to all terms of purchases. Appellant points to a letter from Joseph Putt, Vice President of Finance for appellant, in which Mr. Putt denied the existence of any agreement that appellant pay for appellee's excess inventory. However, this letter is not evidence as required by Civ.R. 56 (C). The letter was admitted as an exhibit to the deposition of Thomas Dannemiller. Mr. Dannemiller acknowledged that he received a copy of the letter from Mr. Putt, dated January 5, 1998. Dannemiller, deposition, page 88. However, Mr. Dannemiller did not authenticate the letter as required by Evid.R. 901. Mr. Dannemiller was only in a position to identify the letter as one he received; there is nothing in the record to demonstrate that Mr. Putt actually wrote the letter, and the copy of the letter presented to Mr. Dannemiller at the deposition was in fact the letter he drafted. Further, there is no evidence in the record to demonstrate that Mr. Putt had personal knowledge of the agreement between the parties. Based on the evidence, the court did not err in finding the document to be partially integrated, and admit evidence of supplemental terms to the agreement. The court, not the trier of fact, is required to make this determination. We next address the question of whether the court erred in entering summary judgment for breach of contract. As discussed above, the only evidentiary material submitted on the question of the agreement between the parties was the affidavit of Thomas Dannemiller, the affidavit of Charlie Ensminger, and the deposition of Thomas Dannemiller. The evidence is undisputed that the parties agreed that if appellant canceled or reduced quantities of truck cab orders, and appellee had purchased materials in reliance on the projection of cabs as set forth in the blanket purchase order, appellant would pay appellee for such materials. It is undisputed that appellant did not pay for such materials in accordance with the terms of this agreement. The court did not err in entering summary judgment in favor of appellee. The first assignment of error is overruled.
 II
Appellant argues that the court erred in overruling its motion for summary judgment, as the blanket purchase order does not constitute a contract. The blanket purchase order clearly evidences some agreement between the parties. The fact that the agreement stated that a separate purchase order would be issued for each cab does not render the agreement invalid. The agreement states that approximately seven to twelve cabs will be required per month, and the payment terms would be 45 days. This document, supplemented by evidence of the oral agreement of the parties, created a contract between the parties for the purchase of cabs. The court did not err in overruling appellant's motion for summary judgment. The second assignment of error is overruled. The judgment of the Tuscarawas County Common Pleas Court is affirmed.
By GWIN, P.J., HOFFMAN, J., and FARMER, J., concur